All right. Thank you, your honors. Again, we won't reiterate arguments already raised in the prior two cases, but some factual differences do set this case aside from the two previously discussed. The NTA in this case also did not include date or time. It did include, in compliance with the regulation, the address of the immigration court at which the NTA was to be filed, as required by 1003.15. The district court, in its order, found that the address of the immigration court was incorrect, but that finding is frankly puzzling, given that the NTA included the filing address for the immigration court. The notice of hearing told the respondent where he was supposed to show up for his hearing, which was at the detention center itself. So I'm not sure. It's hard to tell where the district court is going, frankly, with how that affects jurisdiction. But regulatorily, this NTA was compliant, as far as the address goes. The recording of this immigration is not in the records here. And as far as service of the notice of hearing goes, according to Certificate of Service, which is similar in that it indicates fax care of custodial officers, similar to a prior case, it was served one day before the hearing, which is going to bring up the timeliness argument again. But here, the government's argument is that regardless of what we think about the timeliness of this notice of hearing, it doesn't strip the immigration court of lawful authority to hear the case. It may require, indeed, the immigration judge to intersect with some procedural remedies, such as a continuance, which, again, highly unusual if that didn't happen in this case. And there's no evidence that it did not. And again, the same error where it reached into a statute that was non-jurisdictional in nature, pull out a definition of timeliness that was, per the explicit terms of the statute, only there to afford an opportunity to vest the immigration court with jurisdiction and then effectively use that time period as its definition of timeliness for a notice of hearing. We think the district court was as wrong there as it was in the prior case. What does the term timely mean in this case? If we're not looking at 1229, what does it mean? So, it would be fact-determinant, Your Honor. I'm sorry, Your Honor, could you repeat that one? What does that mean? In other words, you're a poor IJ, that somebody gets it 10 seconds before. Is that timely? What about a day before? What about two days? What do we rely upon? Admittedly, the case law suggests 1229 is not the controlling factor, but what is timely? You seem to be saying this is all ad hoc, but is everything the same? No, I don't think everything is the same, Your Honor. There are cases where aliens are in immigration detention, or not in immigration detention, but have been served a notice to appear 30 days or more before their initial removal hearing. And in those cases, if the likely, in that instance, has had the opportunity to consult with immigration counsel, retain immigration counsel, discuss his case. But, on the other hand, if an alien were arrested by immigration authorities on January 4th, let's say, received notice of his hearing an hour before his first removal hearing that afternoon, then perhaps we could say that that notice wasn't timely given. Counsel, in this case, the defendant waived, correct? Waived what exactly, Your Honor, if I may ask to clarify? The 10-day, the prompt hearing. That's correct, Your Honor. In this case, Mr. Gonzalez-Villancia signed the 10-day waiver on the reverse side of his notice to appear. And so, as I understand it, that if he claimed that waiver was involuntary, he would have the right to raise that as a ground to set aside the removal hearing in the immigration proceedings with an appeal, right? At the very least, Your Honor, subject to 1326D. Although, for clarity, was the, was the, was Your Honor referring to at the administrative stage? Yes, at the administrative stage. He could raise that in an appeal to the BIA. He could, Your Honor. So, for example, if the immigration judge denied a continuance and ordered him removed, he would have an appealable ground. And your, your position is that for issues like this, that's what 1326D is there for. And if there is some problem with the waiver or something like that, and it affects the defendant, he has the opportunity that 1326 requires him to appeal to take it up in the administrative process and to show prejudice. That is correct, Your Honor, because, again, the error in an invalid waiver of the 10-day period would be procedural. It would not strip the immigration court of its lawful authority to hear the case from the get-go. That argument, essentially, and with all due respect to the NTA or notice of hearing 10 days prior to the immigration court hearing. Counsel, I'm not sure if you misspoke or I misheard or we have different facts. You said something about Gonzales-Valencia, but we're on Munoz-Sanchez still, aren't we? Or am I wrong? No, we're on Munoz-Sanchez. Okay, so you said something about Gonzales-Valencia, so I just want to make sure that you weren't just making a spokio or the facts were different, because as I understand it with Munoz-Sanchez, he was not served even the NTA 10 days in advance. This isn't the hearing part, which is kind of made up, but the 10 days for the NTA is in document in the federal law. So are we on the same page as to Munoz-Sanchez as to the facts there? We are, your honor. And apologies if I misspoke earlier, but yes, Mr. Munoz-Sanchez was served his NTA on June 30th. His initial removal hearing was on July 7th, so approximately eight days. Let me go ahead to the appeal waiver, because at least for me, that's potentially important because that's his best way of getting out of D-1 and D-2. And again, in your brief, you say on two points, waived appeal, and one of them you cite ER-14, another one you cite ER-7, neither of which seems to be right, but ER-29 has the same circled waiver circled B. Is that what you're really relying on? It is, your honor. And just for clarity's sake, you know, obviously these cases all came through about the same time, and I was the government attorney. I'm just a poor, humble judge here trying to read what's in front of me. Okay, but so in terms of if we want to get into the weeds of did he really waive appeal, which, am I right, that would be one of his best grounds for getting around D-1 and D-2, because it's been held that you have to tell him that, right? That is correct, your honor. So if he didn't validly waive appeal, then yes, he would probably satisfy D-1 and D-2, or arguably. Either because he literally didn't do it, or because it was not knowing and voluntary, right? Correct, your honor. But what the appellee is arguing for is, let's not even get to that question, because the immigration court didn't have lawful jurisdiction over this case. There are many grounds, and you have many grounds, so we have to parse our way through them all. Okay. With respect to Eunice Sanchez, you know, the only real difference here was the address of the immigration court. In the district court, it's fine. The district court agreed with the government that the absence of date and time information had no impact on jurisdiction. Something, a portion of the order that we're asking this court to affirm. Regarding the address, the absence of address on the NTA, here again, you know, the government would point to Aguilar-Fuhrman and Karen Giffey for the proposition that whatever that may do, it does not strip jurisdiction away from the immigration courts. And the remedy here is a notice of hearing, not full reversal or vacature of the below administrative proceedings. And here, the only evidence in the record shows, again, that a hearing notice was served. Defendant's never contested physical service of that hearing notice. He just merely has not conceded it. And with that, the government will cede the remaining, well, 12 seconds. Well, thank you for all of that. I appreciate that. Okay, let's- Thank you, Your Honors. Hello again, Your Honors. Paul Shelton, counsel for Isidro-Mooney-Sanchez in 19-30182. Your Honors, to start with the appeal waiver, I forget who said, but someone indicated that it might be particularly important in this case. Just for clarity in terms of how things played out in the district court, at the time the motion to dismiss was filed, we had not received the recording of the removal hearing. So we only had the written removal order, which checked the box that he waived appeal, but we did not know to what extent the judge reviewed his right to appeal with and whether it was knowing and intelligent. The removal hearing recording was provided while the motion to dismiss was pending, but neither of my states briefed whether the appeal waiver was knowing and intelligent. And I would say if the court finds the appeal waiver may be dispositive, I would at least recommend remand to the district court to address that since we have- Counsel, you say you didn't address it, which is correct, but your brief says your client did not need to satisfy 1326D because the immigration court lacked jurisdiction. So you certainly had the recording at the time you filed your appeal. Now you didn't raise it below, but why isn't that a waiver? I mean, when you choose in your brief not to address the 1326D why should we send it back for another shot on this issue when you explicitly chose in your brief to go solely on jurisdiction and to tell us that even though we're bound by Karen, Geethy and Furman, we should affirm because those cases were wrongly decided. Your honor, with respect to not including that in the brief and including that here, I didn't want to include that because it being asked to evaluate the district court's order and the district court did not reach whether this appeal was knowing, intelligent, voluntary. But the government in their opening brief said the district court was wrong, there was jurisdiction and you need to satisfy 1326, right? That's correct. And your view was we don't because the immigration lacked jurisdiction because Karen Geethy and Furman and Aguilar Furman were wrongly decided. Yes. With respect to the 10-day notice, why the appeal waiver is so important here is because he both signed a request for a sooner hearing and did not proceed to appeal to the BIA. I assume the court saw it as well if the less than 10-day notice of both the notice to appear which is the only case in which we have that today where both the notice to appear and notice of hearing were served less than 10 days prior to the removal hearing. If he somehow waived that, our first argument is that he can't waive subject matter jurisdiction. But our second argument is if there was some waiver issue there, that issue has not been addressed by the parties both in the district court and on appeal as to whether his waiver of this 10-day hearing notice requirement, if that's what the court holds is appropriate given all the statutes and regulations, that has not been addressed. And it isn't in the record before the court. I believed it was and I thought we had submitted it in our supplement lectures of record. But in the district court below, the defendant did submit a declaration and he specifically said that the notice to appear was not translated to him and specifically said the request for prompt hearing section was not translated to him. And so our argument before the district court was that because he did not know that his waiver of that 10-day notice and by extension his waiver of appeal could not have been knowing intelligent voluntary. I apologize. I actually believe that was before this court, but it was before the district court that Mr. Munez-Sanchez did declare he did not know what that 10-day waiver amounted to. He did not know what substantively it did in his case. I'd be happy to supplement that in the record so the courts can see it because it was properly filed in the district court. But Mr. Munez-Sanchez said he did not understand what waiving that 10-day requirement meant. Judge Fennett, did you have any follow-up on that issue? I know you've had a lot of questions on this particular. Okay. The distinct difference here, because again, we're dealing with four cases with unique facts. The most specific difference here is that both the notice to appear and notice of hearing were served less than 10 days prior. However, with respect to the government's argument that the district court's conclusion about the address issue makes no sense and is essentially ludicrous, I don't think that's well founded. If the court looks at the excerpts of record, ER 26 is the notice to appear, which is addressed to Mr. Munez-Sanchez at a particular address, the address of the detention facility in El Centro, California on Imperial Avenue. And it directs him to appear for removal hearing at the same address. ER 28, which is the notice of hearing, also directs him to appear and is mailed to him at the same address. However, it was issued by an immigration court in Imperial, California at a different address, as is the removal order at ER 29. What the district judge held is given these discrepancies in the addresses, it would not have been clear to Mr. Munez-Sanchez where the NTA was filed. When he received the notice to appear, it certainly would have appeared it was filed at that address in El Centro, California. The notice of hearing lists both addresses and does nothing to clarify where the notice to appear was filed. And there's no record of Mr. Munez-Sanchez having ever been advised where the notice to appear was filed as the regulations require. So the district court's perfect sense. Counsel, isn't it clear that he did appear at the place where the IJ was and they had a hearing all in the same place? No, your honor. It appears actually, it isn't clear whether he appeared by video from the detention facility and the judge was at the Imperial court, or if the judge conducted the proceeding at the El Centro location. My recollection is that's not clear in facts. I could be misremembering. They certainly were in communication, whether by video or in person. It wasn't that he's over here saying, where's my judge? Where's my judge? The judge is over here saying, where's my immigrant? That is correct, your honor. We're not disputing that there was a real-time hearing that he was either in person or by video presence. And the district court found jurisdiction lacking because there was some supposed address deficiency. Not because your client was prejudiced, but because some address was missing that the district court lacked jurisdiction. I mean that the immigration court lacked jurisdiction. That's correct. This was a post-Kering-Githy, pre-Fermeen decision. And so the court found that under Kering-Githy, the absence of the date and time did not result in a loss of jurisdiction, but the lack of the address did. Certainly this court in Fermeen undermines the credibility purely that the address lacks jurisdiction, but both Kering-Githy and Fermeen still contemplate two-step notice and timely notice. An argument here is that that wasn't timely because both of them were served less than 10 days prior to the hearing. The notice to appear was served seven days prior. The notice of hearing was only served four days prior to the hearing itself. Counsel, since you used the phrase two-step, I wanted to throw something in. It may be neither of you are up on it, but the Supreme Court very recently had oral argument in a case called Ms. Chavez. Yes, Your Honor. Although it was still in the context of stop time, they had a very extensive discussion of whether you could have a two-step. Would you, and then I'll ask the government, is there any wisdom that we might get out of a ruling in Ms. Chavez? I believe so, Your Honor. Frankly, I believe if Ms. Chavez decides that two-step notice process is not permissible, I believe it undermines this court's rulings in Kering-Githy and Fermeen. Both Kering-Githy and Fermeen rely on this two-step notice process, which in a separate case, Lopez v. Barr, this court has actually held Pereira invalidates in context of the stop time rule. Ms. Chavez is also presented in context of the stop time rule, but unlike the jurisdictional issue in Pereira, the two-step notice process at issue in Ms. Chavez is not limited to the two-step notice process because they're dealing with the regulations that we're dealing with. So I think if Ms. Chavez says two-step notice is not permissible to vest the stop time rule there, I think that that undermines this court's rulings in Kering-Githy and Fermeen that two-step notice process is sufficient to vest jurisdiction. Because if two-step notice process is not sufficient in one area of immigration law under the same statutes, same regulations, it can't be sufficient in another context. So I think Ms. Chavez would actually require this court to revisit Kering-Githy and Fermeen. And I believe I've argued that point in my response brief that I do believe Ms. Chavez could affect this court's rulings in these cases. Very well. Anything else you want to add in the... Not unless your honors have any other questions about this case. Very well. I think the government has a little bit of time left on this. Do you want to say anything further, counsel? I will just briefly address the question of the impact of Ms. Chavez or the potential impact of that case. The short answer is no. It would not impact this court's decision, nor Kering-Githy, nor Aguilar-Fermeen. Kering-Githy, Aguilar-Fermeen, other decisions out of this circuit and every circuit to have addressed the issue have made it clear Pereira itself has no impact on subject matter jurisdiction. And therefore, Ms. Chavez, which is essentially the government trying to remedy a Pereira defect, that also would have no impact on subject matter jurisdiction. Pereira... Decisions subsequent to Pereira have made it clear that although an NTA must include date or time to trigger the stop time rule, that they do not need it in order to vest an immigration court with subject matter jurisdiction, regardless of what Pereira says about the stop time rule, because they're two separate issues. Those being two separate issues, that separate would indicate that a correction to the Pereira issue advanced by the government and Ms. Chavez would not apply to the jurisdictional issue at hand today. And with that, the government will rest unless the court has any further questions. Any other questions from my colleagues? Hearing none, we're going to submit this case, United States v. Muñoz-Chavez. And now for the last case with our distinguished counsel here, United States v. Gonzalez Valencia. Again, the government will proceed first.
judges: Boggs, M. Smith, Bennett